De la Pila et al., Peticionarios, *v.* Siaca, Secretario Ejecutivo, Demandado.

Solicitud para que se expida auto de *mandamus* al Secretario Ejecutivo de Puerto Rico para que inscriba la asociación "Casa del Médico, Inc."

No. 163.—Resuelto en julio 17, 1917.

Mandamus—Jurisdicción Original—Funciones de las Cortes de Apelación.— El mero hecho de que el Tribunal Supremo va a entrar en su período regular de vacaciones y que una apelación no podría ser oída antes del nuevo término, no es razón suficiente para que una solicitud de *mandamus* para que se ordene al Secretario Ejecutivo de Puerto Rico inscriba ciertas cláusulas de incorporación, sea presentada en primera instancia al tribunal. Ordinariamente, el caso debe iniciarse en una corte inferior y los puntos a debatir allí definidos, para que así pueda tener el tribunal todo el beneficio de una verdadera función de corte de apelación, sin que en el presente se haya presentado razón para variar la regla.

Los hechos están expresados en la opinión.

Abogado de los peticionarios: Sr. *José A. Poventud.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Los peticionarios, todos médicos-cirujanos, solicitaron del demandado un certificado de incorporación, a lo que él se negó.

Los peticionarios han presentado una solicitud a esta corte para que expida un auto de *mandamus,* y de acuerdo con el artículo 69 de nuestro reglamento, han expresado las razones que tienen para hacer la solicitud originalmente ante esta corte. Después de haber expresado que el demandado es uno de los principales funcionarios del Gobierno, y la importancia que tiene para los peticionarios el ser prontamente incorporados para llevar a cabo los fines de su proyectada incorporación, alegan que esta corte está próxima a entrar en su período de vacaciones, y que una apelación de una corte de distrito no podría ser oída antes de noviembre. Tenemos suficiente confianza en la habilidad del abogado de los peticionarios para creer que él sabría, por ejemplo, cómo proteger a los pretendidos incorporadores en su deseo de adquirir terrenos a los fines que se proponen. Fuera de eso no hay nada en las razones dadas para acudir a esta corte que no sería igualmente cierto de cualquiera otra organización semejante que se proyectara. La Corte de Distrito de San Juan, donde reside el demandado, es hábil a este fin. Si la cuestión legal envuelta es de importancia, no es una que esta corte desearía resolver en los diez días que quedan de sesión, suponiendo que una vista no se llevara parte de ese tiempo. El caso debe ser iniciado en una corte inferior y los puntos a debatir allí definidos, para que así podamos tener todo el beneficio de nuestra verdadera función de corte de apelación. No hay ningún caso que envuelva *prima facie* la violación de un deber público que no tenga importancia para la persona que se cree perjudicada. No vemos razón alguna para ejercitar nuestra jurisdicción original en este caso, y el auto debe ser denegado.

*Denegada la solicitud.*

Jueces concurrentes: Sres. Asociados del Toró, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.